■ FELIX COSME, Plaintiff, v TOWN OF ISLIP et al., Defendants. (Action No. 1.) FELIX COSME, Respondent, v GREGORY W. MUNSON et al., Appellants. (Action No. 2.) — Order of the Supreme Court, New York County (Albert P. Williams, J.), entered June 24, 1983, denying defendants' motion for summary judgment reversed, on the law, and the motion for summary judgment is granted, without costs. ¶ Plaintiff was appointed, provisionally, as Executive Director of the Youth Bureau and Executive Secretary of the Central Youth Board of the Town of Islip on October 1, 1974. Shortly after this provisional appointment, the town enacted a local law placing the Youth Board under the jurisdiction of the town's newly created Department of Human Resources (DHR). Plaintiff thereby became accountable to defendant Munson, the Commissioner of DHR. Difficulties arose between plaintiff and Munson over the policies, manner of operation and management of the Youth Board. In March, 1976, the State Division of Youth began rejecting the town's claims to 50% reimbursement. When the State Division rejected the town's efforts to cure the financial problems, the matter came to a head and Munson requested plaintiff's resignation. When plaintiff refused to tender it, he was discharged effective the close of business on May 28, 1976. Munson then prepared a report, dated May 28, 1976, to Cohalan, the Town Supervisor, outlining the reasons for his action. ¶ On June 1, 1976 at a meeting of the Town Board, the subject of plaintiff's discharge was aired thoroughly. Cohalan and Deputy Supervisor Jones responded to questions put to them in connection with the issue. The following day, June 2, 1976, plaintiff called a press conference in which he protested his termination and stated publicly that his personal integrity, honesty and credibility had been impugned. On June 3, 1976, plaintiff filed a complaint with the State Division of Human Rights alleging that he had been discharged on the ground that he was a Puerto Rican. The hearing officer found the charge to be without merit and recommended dismissal of the complaint. The Commissioner of State Division approved the report and plaintiff appealed to the Human Rights Appeal Board. That body found that the determination of State Division was supported by substantial evidence and directed that its order be affirmed. ¶ In the interim, plaintiff commenced these two actions. The first action, against the Town of Islip and its agencies, was instituted in September, 1976 and alleged violation of his "liberty interest" in that the basis for his discharge impaired his ability to seek further employment. The second action, brought against Munson, Jones, Cohalan and the Town of Islip, the only matter here on appeal,[1] was commenced in November, 1976, contains two causes of action, both sounding in defamation. The first cause is against Munson only and is bottomed on the memorandum of May 28, 1976 from Munson to Cohalan. The second cause is against all four defendants and alleges that between May 28, 1976 and June 3, 1976, Munson, Jones and Cohalan republished the defamatory matter contained in the Munson memorandum of May 28 and also made other defamatory statements concerning plaintiff to the press. The Town of Islip is joined on the theory that the three

1. Although it is not here pertinent, it is appropriate to note that in the action against the town and its agencies (action No. 1), defendants moved for summary judgment. On reargument, that motion was granted. By order dated January 3, 1984 we affirmed (*Cosme v Town of Islip*, 99 AD2d 688).

individuals are employees of the town and were acting on its behalf in making the statements. Compensatory and punitive damages are sought on each of the causes of action. ¶ Defendants sought summary judgment based primarily on the claim of privilege. Special Term denied the motion. We disagree. Accordingly, we reverse and grant summary judgment on both causes of action. ¶ Defendant Cohalan was the duly elected Supervisor of the Town of Islip and its executive officer. Any statement made by him, within his competence and in the performance of his official duties is entitled to absolute privilege (*Stukuls v State of New York,* 42 NY2d 272; *Clark v McGee,* 49 NY2d 613). Such a privilege confers absolute immunity from suit. It is apparent from the newspaper clippings relied on to establish the fact of the statements that the statements were made by Cohalan at the town meeting and were in response to queries put to him by representatives of organizations present as well as by individuals. Clearly, the responses were within Cohalan's competence and *in the performance of his official duties* as an elected official. Moreover, as the executive officer of the town, at an official meeting of the Town Board, he was under a duty to disclose the reasons for town's actions, particularly when requested to do so. The statements were, therefore, absolutely privileged and, accordingly, Cohalan is exonerated from liability. ¶ Jones and Munson stand in a slightly different position. Although officials of the Town of Islip, they were not elected.[2] Thus, there is some question as to whether the privilege which attached to their utterances was absolute or qualified. At the very least, however, they were entitled to a qualified privilege, for in the performance of their official duties, they were under a duty to report and the person to whom their reports were directed, Cohalan, was a person to whom they were required to report. In the absence of malice, their reports are entitled to a qualified privilege (*Toker v Pollak,* 44 NY2d 211). Munson is sought to be charged based upon his report to Cohalan of May 28, 1976. It is plain that this report was not only to explain his actions, but to explain why the State's reimbursement of the town could not be expected so long as plaintiff remained Executive Director of the Youth Board. Furthermore, the report was made pursuant to his official duty. ¶ Jones' liability is sought to be predicated on a confidential memorandum dated April 2, 1976 prepared by him for the Town Supervisor and the Town Council outlining the managerial· problems confronting the Youth Bureau and the inability or refusal of plaintiff to cope with them. Here, too, the report was made in discharge of Jones' official duties. ¶ Although malice is alleged in the complaint, no specifics thereof are set forth. The bill of particulars adds little, for it bases the claim of malice on a "reckless disregard for the truth" and the failure to give plaintiff an opportunity to respond to the charges made therein. Nothing is shown to indicate a wrongful intent to harm plaintiff. Similarly, nothing is shown to indicate a disregard for the truth, much less a reckless disregard for the truth. In sum, the reports are properly entitled to a qualified privilege. At the least, absent a showing of malice, and none is shown here, there is no issue of fact to be passed upon by the jury. Concur — Ross, J. P., Asch, Bloom, Fein and Milonas, JJ.

---

**2.** While the test is not whether an official is elected or appointed to be entitled to absolute privilege, the public official must, at minimum, have executive or policy-making functions. The record is silent on the precise nature of the functions of Jones and Munson.