■ EDWARD AQUILONE, Respondent, v CITY OF NEW YORK et al., Appellants. [690 NYS2d 558] —Order, Supreme Court, New York County (Jane Solomon, J.), entered August 26, 1997, which granted plaintiff's motion for partial summary judgment on his demand for a name-clearing hearing, and held in abeyance defendants' motion for summary judgment seeking dismissal of the complaint, unanimously reversed, on the law, without costs or disbursements, plaintiff's motion denied and defendants' motion for summary judgment granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff was Executive Director of Personnel with the Board of Education and retired in 1989. Thereafter, there was an investigation by Deputy Commissioner of Investigation Stancik. He issued a report in October 1991, which concluded that plaintiff had participated in a sham hearing and coverup of the felony sex crime conviction of a former co-employee. The report said that plaintiff had full responsibility for a panel composed of friends of the accused in order to "guaranty a result favorable to [the accused] and ensure the proceeding's secrecy." The report further noted that plaintiff and the other panel members knew little about the details of the charges, that plaintiff "diminished the gravity" of the offenses to the then Chancellor and misled the Chancellor into believing the sex charges had been dismissed. A final finding was that plaintiff had failed to give the file to the Board's Office of Personnel Security and did not log the file into that office's computer system. Noting that plaintiff had retired two years previously, the report recommended that suspension or termination of plaintiff's occasional consulting jobs with the Board would constitute "appropriate disciplinary action."

The IAS Court erred when it granted plaintiff a name-clearing hearing. Such a hearing is a remedy for the deprivation of a person's due process right when an employee is terminated along with a contemporaneous public announcement of stigmatizing factors, including illegality, dishonesty, immorality, or a serious denigration of the employee's competence (*Donato v Plainview-Old Bethpage Cent. School Dist.*, 96 F3d 623, 630, 633, *cert denied* 519 US 1150).

However, defamation alone, even by a government entity, does not constitute a deprivation of a liberty interest protected by the Due Process Clause. Some "stigma plus" must be shown before mere defamation will rise to the level of a constitutional deprivation. Discerning what this "plus" is, the Second Circuit has noted that "in the context of defamation involving a govern-

ment employee, defamation * * * is not a deprivation of a liberty interest unless it occurs in the course of dismissal or refusal to rehire the individual as a government employee or during termination or alteration of some other legal right or status * * * [T]he 'plus' is not only significant damage to a person's employment opportunities, but dismissal from a government job or deprivation of some other legal right or status" (*Martz v Incorporated Vil. of Val. Stream*, 22 F3d 26, 32). However, plaintiff herein had been retired for two years when the stigmatizing allegations were made, and he was not fired, suspended or demoted, and therefore is not entitled to a name-clearing hearing.

Further, the IAS Court should have granted defendants' motion for summary judgment. Even assuming only a qualified privilege applies to the report of the Deputy Commissioner, there is no evidence whatsoever of express malice or actual ill will actuating either the finding of the Commissioner or the publication of the findings. Moreover, absolute privilege applies. Thus, the Court of Appeals has previously held that "official audit reports issued on behalf of the State Comptroller by the Division of Audit and Accounts are subject to an absolute privilege in any action for defamation based on the content of such reports" (*Ward Telecommunications & Computer Servs. v State of New York*, 42 NY2d 289, 290). "The public interest demands that there be no legal or practical constraint placed on the content of his reports or deterrent to their availability to public scrutiny" (*supra*, at 292). The same rule must apply to the results of an official investigation into coverup of a sex crime committed by a public employee. Concur—Sullivan, J. P., Rosenberger, Nardelli and Rubin, JJ.