■ GEORGE FIRTH, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 103734.) [785 NYS2d 755]—

Kane, J. Appeal from a judgment of the Court of Claims (Collins, J.), entered June 4, 2003, which granted defendant's cross motion to dismiss the claim.

The Office of the State Inspector General (hereinafter OSIG) conducted an investigation of the Department of Environmental Conservation's Law Enforcement Division (hereinafter LED) regarding possible corruption, mismanagement and criminal activity. Claimant, former director of LED, commenced this defamation action based on statements in OSIG's report of its investigation which was allegedly republished on the Internet in December 2000. This Court previously determined that questions of fact exist regarding whether publication of the report on a different Web site constituted republication (306 AD2d 666 [2003]; see Firth v State of New York, 287 AD2d 771 [2001], affd 98 NY2d 365 [2002] [dismissing as untimely prior suit based on original publication in 1996]). Claimant moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint. The Court of Claims denied claimant's motion and granted defendant's cross motion premised on OSIG's absolute privilege rendering it immune from liability, or alternatively, that OSIG was entitled to a qualified immunity privilege and claimant's proof was inadequate to meet his burden. Claimant appeals.

The Court of Claims properly determined that OSIG was cloaked with an absolute privilege entitling defendant to immunity in this matter. Absolute privilege wholly protects an entitled individual or entity from claims for defamation (see Stukuls v State of New York, 42 NY2d 272, 275 [1977]). The privilege of absolute immunity is bestowed upon an official who is "a principal executive of State or local government or is entrusted by law with administrative or executive policy-making responsibilities of considerable dimension" (id. at 278), and "extends to those of subordinate rank who exercise delegated

powers" (*Ward Telecom. & Computer Servs. v State of New York*, 42 NY2d 289, 292 [1977] [providing absolute immunity for employees of Comptroller for preparing audit reports]; *see Gautsche v State of New York*, 67 AD2d 167, 170 [1979] [providing absolute immunity for Assistant Attorney General]). As the governor would clearly be entitled to absolute immunity, so are employees or agents specifically delegated the authority to carry out his duties (*see Ward Telecom. & Computer Servs. v State of New York, supra* at 291-293). An executive order created OSIG to fulfill the governor's statutory duty to investigate agencies of defendant to assure their proper management (*see* Executive Order [Pataki] No. 39 [9 NYCRR 5.39]; Executive Law § 6), rendering OSIG a delegatee of the governor. Accordingly, OSIG was entitled to absolute immunity from defamation claims in fulfilling its duties to investigate and report instances of corruption, fraud or mismanagement within LED.

Even if OSIG was not a delegatee of the governor, absolute privilege would apply. OSIG had the obligation not only to investigate agencies, but to determine whether prosecution was warranted, to assist in such prosecution, to review and examine agencies' policies and procedures, to recommend remedial action within agencies, and to establish training programs to prevent fraud, corruption, criminal activity and conflicts of interest (*see* Executive Order [Pataki] No. 39 [9 NYCRR 5.39], art II). The Inspector General and her office's employees had the power to subpoena witnesses and enforce attendance, to administer oaths, require production of any documents, examine any documents, monitor implementation of OSIG's recommendations and require agency officers or employees to answer questions, with a refusal to cooperate potentially resulting in removal from office (*see* Executive Order [Pataki] No. 39 [9 NYCRR 5.39], art III). The duty to recommend remedial action and amendment of policies and procedures, together with the power to monitor implementation of its recommendations, renders OSIG more than merely an investigatory agency like a police force, for which no absolute privilege exists (*compare Mahoney v Temporary Commn. of Investigation of State of N.Y.*, 165 AD2d 233, 238 [1991]). Based on its powers and duties granted by executive order, OSIG has sufficient "policy-making responsibilities of considerable dimension" to be entitled to absolute privilege (*Stukuls v State of New York, supra* at 278; *see Aquilone v City of New York*, 262 AD2d 13, 14 [1999], *lv denied* 93 NY2d 819 [1999]).

As the claim is dismissed because OSIG is protected by absolute privilege, we need not address the alternative ground of qualified privilege.

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.