■ RICHARD VAN DONSEL, Respondent, v SCOTT SCHRADER, Appellant. [922 NYS2d 603]—

Malone Jr., J. Appeal from an order of the Supreme Court (Mulvey, J.), entered November 24, 2009 in Cortland County, which, among other things, partially granted plaintiff's cross motion to hold in abeyance defendant's motion for summary judgment.

At all relevant times, plaintiff was the Cortland County Attorney and defendant was the Cortland County Administrator. As part of an ill-fated plan to construct a County facility, the County contracted to acquire real property owned by Steven Lissberger for $73,000. The County reneged on the contract and Lissberger sought more than $19,000 in damages from it, including $12,000 for a "[d]ifference of profits from [any] possible future sale." He thereafter sold the parcel for $72,500 to a third party, and was represented in that sale by Ronald Walsh. Walsh was an Assistant County Attorney and, in a private law practice, his law partner was Mary Leonard, plaintiff's live-in girlfriend.

In November 2007, plaintiff negotiated a settlement of the

Lissberger claim for more than $17,000 and submitted it to the Cortland County Legislature for approval. Defendant conducted a preaudit of the proposed settlement and recommended its rejection in a memorandum to the relevant legislative committee. Noting Lissberger's sale of the property for only $500 less than the price set out in his contract with the County and Walsh's connections with plaintiff—points that plaintiff had neglected to disclose in requesting approval of the settlement—defendant further recommended that plaintiff's office be investigated ''for a possible criminal conspiracy and unethical behavior.''

Plaintiff brought the present action against defendant, alleging causes of action for defamation and intentional infliction of emotional distress.* Following joinder of issue, defendant moved for summary judgment and plaintiff cross-moved to hold that motion in abeyance pending further discovery. Supreme Court held defendant's motion in abeyance for further discovery as to defendant's motivations in making the statements and otherwise denied it, prompting this appeal.

Defendant's comments were protected by an absolute privilege, and his motion for summary judgment should have been granted. ''A privileged communication is one which, but for the occasion on which it is uttered, would be defamatory and actionable'' (*Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 208 [1983] [citations omitted]). As a matter of public policy, an absolute privilege protects ''communications made by individuals participating in a public function, such as executive, legislative, judicial or quasi-judicial proceedings'' (*Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007]; *see Park Knoll Assoc. v Schmidt*, 59 NY2d at 209). Mere participation in such proceedings is insufficient; instead, the comments must be made in the context of official communications by ''a principal executive of State or local government [or] those entrusted by law with considerable administrative or executive policymaking responsibilities'' (*Mahoney v Temporary Commn. of Investigation of State of N.Y.*, 165 AD2d 233, 238 [1991]; *see Stukuls v State of New York*, 42 NY2d 272, 278 [1977]; *Firth v State of New York*, 12 AD3d 907, 907-908 [2004], *lv denied* 4 NY3d 709 [2005]).

There is little question that defendant, the County's chief

---

* Plaintiff has alleged that defendant made other defamatory comments to the news media after the memorandum was issued, but has consistently failed to specify what those comments were; accordingly, we cannot consider them (*see* CPLR 3016 [a]; *Nieminski v Cortese-Green*, 74 AD3d 1550, 1551-1552 [2010]; *Goldberg v Sitomer, Sitomer & Porges*, 97 AD2d 114, 117 [1983], *affd for reasons stated below* 63 NY2d 831 [1984], *cert denied* 470 US 1028 [1985]).

administrative officer and executive, constituted a high official to whom the absolute privilege doctrine applies (*see* Alternative County Government Law § 50; *Clark v McGee*, 49 NY2d 613, 619 [1980]; *Doran v Cohalan*, 125 AD2d 289, 291 [1986], *lv dismissed* 69 NY2d 984 [1987]). Moreover, both his memorandum and the statements therein were prepared in furtherance of his official duties, which included reviewing claims submitted for payment against the County, supervising its department heads, and making appropriate recommendations to the County Legislature. Plaintiff does not dispute that public disclosure of the memorandum was "required by law" and, contrary to his contention, the fact that it received attention in the news media did not remove defendant's comments from the ambit of the privilege (*Clark v McGee*, 49 NY2d at 621; *see Lombardo v Stoke*, 18 NY2d 394, 398-402 [1966]; *Baumblatt v Battalia*, 134 AD2d 226, 227-229 [1987]; *Cosme v Town of Islip*, 102 AD2d 717, 718 [1984], *affd* 63 NY2d 908 [1984]; *cf. Doran v Cohalan*, 125 AD2d at 291). Nor are we persuaded that Supreme Court appropriately held a portion of defendant's summary judgment motion in abeyance. Inasmuch as defendant's comments were protected by absolute privilege, his comments were absolutely privileged "irrespective of [his] motives" (*Toker v Pollak*, 44 NY2d 211, 219 [1978]; *see Stukuls v State of New York*, 42 NY2d at 275).

Finally, to the extent that plaintiff's claim for intentional infliction of emotional distress is not flatly barred by absolute privilege (*see Howell v New York Post Co.*, 81 NY2d 115, 125-126 [1993]), "plaintiff failed to raise a [question] of fact as to whether [defendant's] conduct was so extreme, outrageous, and beyond the bounds of human decency as to constitute" that tort (*Bayer v City of New York*, 60 AD3d 713, 714 [2009], *lv denied* 13 NY3d 707 [2009]; *see Bement v N.Y.P. Holdings*, 307 AD2d 86, 92 [2003], *lv denied* 100 NY2d 510 [2003]). Defendant's other arguments are rendered academic in light of the foregoing (*see Firth v State of New York*, 12 AD3d at 908).

Peters, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiff's cross motion and partially denied defendant's motion; defendant's motion granted in its entirety, cross motion denied in its entirety, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.