Gallagher v. N.Y.C. Health & Hospitals Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of May, two thousand eighteen.

Present:       ROSEMARY S. POOLER,
               BARRINGTON D. PARKER,
               DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

LORETTA GALLAGHER, GALLAGHER ASSOCIATES LLC,

                    *Plaintiffs-Appellants*,

               v.                                             17-2942-cv

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, LOUIS CAPPONI, MEDICAL DOCTOR, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, SALVATORE GUIDO, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, EILEEN O'DONNELL, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, MARISA SALAMONE-GREASON, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, ALFRED A GAROFALO, DOCTOR OF PODIATRIC MEDICINE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, ANTONIO D MARTIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, CAROLINE JACOBS, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES, MELISSA WEISS, IN HER

INDIVIDUAL AND OFFICIAL CAPACITIES, NORMAN
M. DION, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES,
RAMANATHAN RAJU, MEDICAL DOCTOR, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, JOHN DOES 1-20,
SAID NAMES BEING FICTITIOUS, IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES,

*Defendants-Appellees*.[1]

_____

Appearing for Appellant:      Ronald A. Berutti, Weiner Law Group LLP, Parsippany, N.J.

Appearing for Appellee:       Emma Grunberg (Richard Dearing, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

      Appellants Loretta Gallagher and Gallagher Associates (collectively, "Gallagher") appeal from the September 20, 2017 order of the United States District Court for the Southern District of New York (Daniels, *J.*), dismissing in its entirety her multi-claim complaint against Appellees and denying leave to amend. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      Gallagher's first amended complaint contains a litany of allegations, all of which fail to state a claim. Her proposed second amended complaint fares no better.

      We review dismissals for failure to state a claim de novo. *See Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 358 (2d Cir. 2013). Generally we review denials of leave to amend for abuse of discretion. However, when the denial is based on the legal conclusion that repleading would be futile, we review that conclusion de novo. *See Panther Partners, Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim." *Id.* "[W]hen assessing whether an amended complaint would state a claim, we consider the proposed amendments along with the remainder of the complaint, accepting as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (citations and internal punctuation omitted).

_____

[1] The Clerk of Court is respectfully instructed to amend the caption as above.

## I. First Amendment Retaliation Claim

Gallagher first asserts a First Amendment retaliation claim. "A plaintiff asserting a First Amendment retaliation claim must establish that: (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (quoting *Cox v. Warwick Valley Central School District*, 654 F.3d 267, 272 (2d Cir. 2011) (internal quotation marks omitted). Whether speech is protected is a matter of law. *See Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008). As a matter of law, Gallagher has failed to allege any protected speech.

Her response to the June 2014 survey was "pursuant to [her] official duties" and "owe[d] its existence to [her] professional responsibilities." *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *see also Ricciuti v. Gyzenis*, 834 F.3d 162, 168 (2d Cir. 2016). Gallagher was responding to an invitation for feedback that was sent solely to employees and contractors of New York City Health & Hospitals ("NYCHH"). Her response was requested only in her capacity as a contractor. As such she was speaking as an employee rather than as a citizen when she responded. *See Matthews*, 779 F.3d at 172 (stating that when a public employee speaks "solely as an employee" she does not engage in protected speech).

Her February 2015 email to NYCHH leadership was "[s]peech that, although touching on a topic of general importance, primarily concern[ed] an issue that [was] personal in nature and generally related to [Gallagher's] own situation." *Jackler v. Byrne*, 658 F.3d 225, 236 (2d Cir. 2011) (quoting *Ezekwo v. N.Y.C. Health and Hospitals Corp.*, 940 F.2d 775, 781 (2d Cir. 1991) (internal punctuation omitted)). Accordingly, it did not pertain to any matter of public concern. While Gallagher does mention her belief that some of her coworkers and supervisors were incompetent and wasting taxpayer money, she does not elaborate on these accusations. Instead, they are mentioned in passing to establish the basis for Gallagher's belief that she was being sabotaged.

## II. Due Process Claims

Next, Gallagher asserts that she was denied due process under the Fourteenth Amendment, using three separate theories. All fail.

Gallagher fails to plead that she was denied property without due process, because she cannot establish any property interest. Her contract was clearly at will. *See Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002) ("[A]t will employees do not have a protectable property interest in continued employment."). Gallagher was actually a subcontractor with Dyntek, which was a contractor with NYCHH. Dyntek's contract with NYCHH allowed NYCHH to instruct Dyntek to terminate any subcontractor for any reason. Gallagher's contract with Dyntek includes an explicit clause that allows termination by "[e]ither party at any time, and for no reason" upon "written notice." App'x at 137. It is of no object that the contract *also* provides for a different procedure for termination upon a material breach.

Gallagher also fails to plead that she was denied a liberty interest on a stigma theory. Even assuming arguendo that Gallagher can make out a stigma plus liberty interest, "[a]n Article 78 proceeding provides the requisite post-deprivation process [for an at-will employee]—even if

[she has] failed to pursue it." *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011). Gallagher does not plead that she did not have the opportunity to clear her name in an Article 78 proceeding, and we have no other reason to believe that she would be denied this avenue.[2]

Gallagher also was not falsely arrested. We require "less than probable cause" when the government seizes a government employee for "internal administrative or disciplinary" purposes. *Cerrone v. Brown*, 246 F.3d 194, 200 (2d Cir. 2001). While Gallagher successfully pleads that she reasonably did not feel free to leave, she has not successfully alleged that her seizure was unreasonable given NYCHH's "internal administrative or disciplinary" purposes. *Id.* The Office of the Inspector General ordered Gallagher and her team to stay in their office and away from their computers while those computers were searched pursuant to an investigation into misconduct on Gallagher's part. Such a limitation of Gallagher's freedom is reasonable under the circumstances.

### III. Libel and Defamation Claims

Gallagher alleges libel deriving from the OIG's report about her and defamation deriving from Raju's statements to the press about her firing. We agree with the district court that absolute immunity applies here. Under New York law, "[i]t is well settled that public policy mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action." *Rosenberg v. MetLife, Inc.*, 8 N.Y.3d 359, 365 (2007) (citation and internal quotation marks omitted).

"[I]n the administrative context, the absolute privilege attaches not only to the hearing stage, but to every step of the proceeding in question even if it is preliminary and/or investigatory and irrespective of whether formal charges are ever presented." *Stega v. New York Downtown Hosp.*, 44 N.Y.S.3d 417, 421 (N.Y. App. Div. 2017) (citation and quotation marks omitted). Thus, the OIG report and related investigations are clearly protected.

As well, "[t]he privilege of absolute immunity is bestowed upon an official who is a principal executive of State or local government or is entrusted by law with administrative or executive policy-making responsibilities of considerable dimension." *Firth v. State*, 785 N.Y.S.2d 755, 756 (N.Y. App. Div. 2004) (citation and internal quotation marks omitted). Raju is the CEO of NYCHH, so he is clearly immune.

Gallagher fails to allege that either OIG officials or Raju made any allegedly libelous communications "unrelated to any matters within [their] competence" or in a "totally unwarranted" form, so she has not pled any exceptions to the general rule of absolute immunity. *Lombardo v. Stoke*, 18 N.Y.2d 394, 401 (1966).

---

[2] The district court incorrectly ruled that Gallagher only established stigma without any "plus." *Gallagher v. New York City Health and Hospitals Corp.*, No. 16-cv-4389, 2017 WL 4326042, at *3 (Sept. 20, 2017). It is undisputed that Gallagher was terminated from at-will government employment, which is sufficient to establish a "plus" independent of allegedly stigmatizing statements. *See*, *e.g.*, *Segal v. City of New York*, 459 F.3d 207, 214 (2d Cir. 2006). Nevertheless, Gallagher's stigma plus claim fails for the reasons already explained above the line.

4

## IV. Gender Discrimination Claims

Gallagher alleges gender discrimination under both the Equal Protection Clause of the Fourteenth Amendment and NYHRL 8-107. "[I]n an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against [her] and (2) [her] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Gender animus need not be the but-for cause of the adverse employment action. *Id.* (internal quotation marks omitted). A plaintiff may rely on "on bits and pieces of information to support an inference of discrimination." *Id.* We agree with the district court that Gallagher's first amended complaint failed to meet even this low threshold and that her proposed second amended complaint does not change that fact.

The allegations in both complaints are either conclusory or focused on sexism that Gallagher did not herself experience. As such, they fall short of forming enough of a "mosaic," *id.*, to adequately allege discriminatory animus by any of the Appellees.

Finally, we note that alleging conspiracy to discriminate under 42 U.S.C. § 1985 would be futile both because Gallagher has articulated no unconstitutional conduct and because "officers, agents and employees of a single corporate entity are legally incapable of conspiring together." *Hartline v. Gallo*, 2006 WL 2850609, at *9 (E.D.N.Y. Sept. 30, 2006), *aff'd in relevant part by* 546 F.3d 95, 99 n.3 (2d Cir. 2008).

We have considered the remainder of Gallagher's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk