■ HARVEY VENGROFF et al., Respondents, v MICHAEL A. COYLE et al., Appellants. [647 NYS2d 530] —In an action to recover damages for defamation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated July 24, 1995, as denied that branch of their motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was to dismiss the first cause of action is granted.

The plaintiffs commenced this action to recover damages for defamation, *inter alia,* arising from a letter written by the de-

fendant Michael Coyle on behalf of "my neighbors and myself from Centerport" to Senator Alfonse D'Amato, complaining that the plaintiffs' business activities in Centerport were ruining the character of their neighborhood. In the complaint, the plaintiff Harvey Vengroff acknowledged that he was the owner of the area of Centerport "commonly known as the Centerport Marina", and the premises at 93 Centershore Road and 95-101 Centershore Road. The letter in question noted that there had been two fires on those premises, the first at the marina, and the second at 93 and 95-101 Centershore Road.

The letter charged, *inter alia,* that, as a result of the fire at the marina, *"apparently* additional revenue [was] made from fees charged for the newly created area for winter boat storage" (emphasis supplied). With respect to the second fire, the letter charged: "The restaurant was *rumored* to be up for sale due to weak patronage and the collection agency was *reportedly* squeezed for space in a building nowhere near suited for the large number of employees (Newsday's article cited 75 collection employees). On the surface these fires are remarkably fortuitous. Does lightning really strike twice?" (Emphasis supplied.) At the conclusion of the letter the defendant Michael Coyle asked 18 questions "regarding *Vengroff's* business ethics", including questions asking "What were the findings of the Suffolk County Arson Squads" regarding each fire.

Upon the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), the Supreme Court found that "the statements noted in plaintiff's First Cause of Action are reasonably susceptible of a defamatory connotation" that the plaintiffs committed arson for profit. In reaching that conclusion the Supreme Court relied on a statement in *Rinaldi v Holt, Rinehart & Winston* (42 NY2d 369, 382), that "[a]ccusations of criminal activity, even in the form of opinion, are not constitutionally protected".

However, in *Gross v New York Times Co.* (82 NY2d 146, 155), the Court of Appeals held "there is simply no special rule of law making criminal slurs actionable regardless of whether they are asserted as opinion or fact". The apparent purpose of the letter was "to advocate an independent governmental investigation" *(Brian v Richardson,* 87 NY2d 46, 53). Further, given the use of the words "apparently", "rumored", and "reportedly" in the letter, a reasonable reader would understand the statements made about the plaintiffs "as mere *allegations* to be investigated rather than as *facts" (Brian v Richardson, supra,* at 53 [emphasis in original]).

The letter also complained, *inter alia,* of crowding and gen-

eral debris resulting from the plaintiffs' activities, and stated that a petition from neighborhood residents against the "intolerable" situation would follow. Thus, any reasonable reader should have been aware that its contents included biased opinion, not objective fact (see, Steinhilber v Alphonse, 68 NY2d 283; McGill v Parker, 179 AD2d 98).

Where it is apparent to the reasonable reader that the allegedly defamatory material "represented the opinion of the author" and that its "specific charges * * * were allegations and not demonstrable fact", a libel cause of action does not lie (Brian v Richardson, supra, at 54). Accordingly, the plaintiffs' first cause of action, based on the letter, must be dismissed. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.