■ Bilal El-Amine, Respondent, v Avon Products, Inc., Appellant, et al., Defendants. [739 NYS2d 564] —Order, Supreme Court, New York County (Louis York, J.), entered April 4, 2001, which denied defendant-appellant's motion for summary judgment dismissing the complaint, alleging causes of action for violation of Labor Law § 201-d (2) (a) and defamation, unanimously modified, on the law, to grant appellant's motion to the extent of dismissing the cause of action for defamation insofar as premised upon a statement made by appellant to the media, and otherwise affirmed, without costs.

Sufficient evidence appears on the record to create a question of fact as to whether plaintiff's participation in the alleged activity was known to appellant at the time of its decision to terminate plaintiff's temporary work assignment and was a motivating factor in that decision. That same evidence creates a question of fact as to whether statements made within appellant corporation as to an alternative reason for plaintiff's termination were false and known to be false at the time they were made, and thus as to whether such statements are ultimately to be viewed as privileged (*see, Liberman v Gelstein,* 80 NY2d 429, 437-438). However, the statement by defendant to the media that plaintiff's claim against it was without merit constituted mere opinion, and was therefore nonactionable (*see, Gotbetter v Dow Jones & Co.,* 259 AD2d 335). Plaintiff's

defamation cause should therefore be dismissed insofar as it is premised upon that statement. Concur—Mazzarelli, J.P., Andrias, Saxe, Wallach and Marlow, JJ.