■ E. John Boulos, M.D., Respondent, v David M. Newman, M.D., Appellant. [754 NYS2d 510] —Appeal from that part of an order of Supreme Court, Orleans County (Punch, J.), entered January 31, 2002, that denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action alleging that defendant made a slanderous statement concerning plaintiff to one of plaintiff's patients and those accompanying her to a medical appointment. According to plaintiff, defendant was displeased that his patient chose to undergo a surgical procedure with plaintiff and stated to her that, "[a]s far as [plaintiff] goes, I don't think he knows what he is talking about either." Defendant denied making the statement, asserting that he told his patient that he was as competent as plaintiff to diagnose certain maladies of the throat. Defendant moved for summary judgment dismissing the complaint for failure to state a cause of action for defamation, and plaintiff cross-moved for summary judgment. Supreme Court denied the motion and cross motion, finding that there is an issue of fact concerning the precise content of defendant's statement. We conclude that the court erred in denying defendant's motion.

A person's statements of opinion are constitutionally protected (*see Steinhilber v Alphonse,* 68 NY2d 283, 286), and the issue "[w]hether the contested statements are reasonably

susceptible of a defamatory connotation is in the first instance a legal determination for the court" (*Weiner v Doubleday & Co.*, 74 NY2d 586, 592, *cert denied* 495 US 930). Here, we conclude that the court erred in failing to determine in the first instance that plaintiff's version of the statement allegedly made by defendant was one of opinion rather than fact (*see Millus v Newsday, Inc.*, 89 NY2d 840, 842, *cert denied* 520 US 1144). In determining whether a communication is an actionable factual statement or a nonactionable opinion, a court must assess "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal * * * readers or listeners that what is being read or heard is likely to be opinion, not fact" (*Gross v New York Times Co.*, 82 NY2d 146, 153 [internal quotation marks omitted]). Mere allegations, rather than objective statements of fact, are not actionable (*see Vengroff v Coyle*, 231 AD2d 624, 625-626). Here, the statement ascribed to defendant by plaintiff began with "I don't think," which signals that a statement of opinion is to follow. Moreover, the alleged statement that "I don't think [plaintiff] knows what he is talking about either" is "vague, ambiguous, indefinite and incapable of being objectively characterized as true or false" (*Park v Capital Cities Communications*, 181 AD2d 192, 196, *appeal dismissed* 80 NY2d 1022, *lv dismissed in part and denied in part* 81 NY2d 879; *see Hollander v Cayton*, 145 AD2d 605). A reasonable person hearing that statement would conclude that the statement was a "biased opinion, not objective fact" (*Vengroff*, 231 AD2d at 626). Thus, even assuming, arguendo, that defendant made the statement ascribed to him by plaintiff, we conclude that the statement is nonactionable opinion and thus that defendant is entitled to summary judgment dismissing the complaint. Present—Pine, J.P., Wisner, Kehoe, Burns and Gorski, JJ.