WALTER BOSS, INC., et al., Appellants, v DOREEN KATEN et al., Respondents. [809 NYS2d 190]—

In an action to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated September 21, 2004, as granted those branches of the motion of the defendant Doreen Katen which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action and granted those branches of the separate motion of the defendant Cheryl Jimerson which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third through sixth causes of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The statements complained of by the plaintiffs appeared in four private e-mail messages exchanged between the defendants, Doreen Katen and Cheryl Jimerson, who are friends. Jimerson is a member of the Board of Directors (hereinafter the Board) of the Fire Island Pines Property Owners' Association (hereinafter FIPPOA), and Katen is a member of FIPPOA. The e-mail messages contained statements pertaining to the plaintiff Karen Boss, also a member of the Board, who, apparently, was up for re-election; her spouse, the plaintiff Walter Boss, who owns the plaintiff Walter Boss, Inc., a general contracting business; and other Board members. The e-mail messages also discussed qualifications for serving on the Board, issues the Board should

take up, and other non-Board topics. The e-mail messages, distributed by an anonymous party, ended up in the hands of the Board members. Katen and Jimerson claimed that the e-mail messages were stolen.

The statements, when considered as part of the entire text of the communications in which they appear and in the broader context in which they were made, are not actionable (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]; *Steinhilber v Alphonse*, 68 NY2d 283, 292 [1986]). The immediate context in which they appear plainly conveys that they are only expressions of personal opinion between two friends. Further, the remarks about Walter Boss are couched as "stories" and "bizarre accounts" heard by the defendants, conveying to the reader the message that those remarks are not assertions of objective facts, determined to have been truthful or verified by a reliable source (*see Brian v Richardson, supra* at 53; *Vengroff v Coyle*, 231 AD2d 624, 625 [1996]; *cf. Gross v New York Times Co.*, 82 NY2d 146,156 [1993]). Accordingly, the Supreme Court properly granted those branches of Katen's motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action and those branches of Jimerson's separate motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third through sixth causes of action.

In light of this determination, we need not consider the plaintiffs' remaining contentions. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.