■ Joseph E. Suarez, Appellant, v John G. Angelet, Respondent. [935 NYS2d 599]—

The defendant allegedly published an e-mail wherein he stated, among other things, "Gerry and [plaintiff Joseph Suarez] are thieves as far as I am concerned." The Supreme Court concluded that the statement was an expression of "pure opinion" and, thus, did not constitute libel. Accordingly, in the

order appealed from, the Supreme Court, inter alia, granted that branch of the defendant's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action alleging libel for failure to state a cause of action. The plaintiff appeals. We reverse the order insofar as appealed from.

A nonactionable expression of "pure opinion is a statement of opinion which is accompanied by a recitation of the facts upon which it is based or does not imply that it is based upon undisclosed facts" (*John Grace & Co. v Todd Assoc. of N.Y.*, 188 AD2d 585, 586 [1992]). In deciding whether a particular statement constitutes a nonactionable opinion, the Court must "look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable reader would have believed that the challenged statements were conveying facts about the libel plaintiff' " (*Brian v Richardson*, 87 NY2d 46, 51 [1995], quoting *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]; *see Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US 1170 [2009]). Here, the record contains virtually nothing about the "overall context" in which the allegedly defamatory statement was made.

In addition, the Court of Appeals has expressly stated that, depending on the exact context, both the statement " 'John is a thief' " and the statement " 'I believe John is a thief' " might, in fact, constitute actionable defamation (*Gross v New York Times Co.*, 82 NY2d 146, 155 [1993] [emphasis omitted]; *see Milkovich v Lorain Journal Co.*, 497 US 1, 18-19 [1990]; *cf. Miness v Alter*, 262 AD2d 374 [1999]; *Polish Am. Immigration Relief Comm. v Relax*, 189 AD2d 370 [1993]). Moreover, the tone of the subject brief e-mail that contains the allegedly defamatory material is straightforward and declaratory, and does not appear to be intended as a "juvenile [attempt] to achieve humor" (*Steinhilber v Alphonse*, 68 NY2d 283, 293 [1986]). Thus, the "verbal context" (*id.* at 293) in which the allegedly defamatory statement is imbedded does not warrant the conclusion, as a matter of law, that an average reader would have believed that the defendant's assertion that the plaintiff was a "thief" was meant in jest (*see Epifani v Johnson*, 65 AD3d 224, 233-234 [2009]; *Rossi v Attanasio*, 48 AD3d 1025 [2008]; *Brach v Congregation Yetev Lev D'Satmar*, 265 AD2d 360 [1999]).

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326

[2002]). Here, applying these principles, dismissal of the complaint is not warranted. In the absence of a more complete record defining the surrounding circumstances, it is impossible to exclude the possibility that the defendant's reference to the plaintiff as "a thief" constituted actionable libel. Consequently, it was error for the Supreme Court to grant that branch of the defendant's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action, which alleged libel, for failure to state a cause of action. Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.