*544 Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about June 27, 2011, insofar as it granted the motions to dismiss the second and sixth causes of action only as they relate to defamation, and the eleventh cause of action for defamation, as against defendants Titan Capital Group LLC, Marc Abrams, and Russell Abrams, dismissed the complaint as against defendant Steve Shalicky, and dismissed the complaint as against defendants Epstein Becker & Green, EC., Ronald M. Green and Barry Aspen, unanimously affirmed, without costs.
The complaint was properly dismissed as against the law firm defendant Epstein Becker & Green, EC., and the individual attorney defendants, Ronald M. Green and Barry Aspen. It is well settled that attorneys are “immunized from liability under the shield afforded attorneys in advising their clients, even when such advice is erroneous, in the absence of fraud, collusion, malice or bad faith” (Beatie v DeLong, 164 AD2d 104, 109 [1990]). To the extent the complaint alleges fraud, collusion, malice or bad faith on the part of the Epstein Becker defendants, the allegations are wholly conclusory and insufficient to state a claim. Indeed, the allegations in the complaint do not suggest that the Epstein Becker defendants “acted in any capacity other than as an attorney” (Art Capital Group, LLC v Neuhaus, 70 AD3d 605, 607 [2010]). Nor did the allegations concerning the retaliation claims sufficiently allege that the Epstein Becker defendants actually participated in the improper conduct relating to the claims of sexual harassment and employment discrimination (see Frank v Lawrence Union Free School Dist., 688 F Supp 2d 160, 174 [ED NY 2010]).
The defamation claim and those claims related to it (second and sixth causes of action) were also properly dismissed since the alleged defamatory statement contained nonactionable opinion and/or loose, hyperbolic language (Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]). The statement, made to the media, that plaintiffs’ suit was without merit constituted mere opinion, and was therefore nonactionable (El-Amine v Avon Prods., 293 AD2d 283, 283-284 [2002]). The use of the term “shakedown” in the statement did not “convey the specificity that would suggest” that the Titan defendants “were seriously accusing [plaintiffs] of committing the crime of extortion” (McNamee v Clemens, 762 F Supp 2d 584, 604 [ED NY 2011]).
We have considered plaintiffs’ remaining claims and find them unavailing. Concur — Andrias, J.P., Friedman, Sweeny, Manzanet *545 Daniels and Román, JJ. [Prior Case History: 2011 NY Slip Op 31943(U).]