[665 NYS2d 691]

PATRICK F. MAHONEY et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (And Another Related Claim.)

Third Department, November 26, 1997

### APPEARANCES OF COUNSEL

*Waite & Associates, P. C.,* Albany *(Stephen J. Waite* of counsel), for appellants-respondents.

*Dennis C. Vacco, Attorney-General,* Albany *(Michael S. Buskus* of counsel), for respondent-appellant.

### OPINION OF THE COURT

YESAWICH JR., J.

The facts underlying this appeal are recited in a previous decision of this Court *(Mahoney v Temporary Commn. of Investigation,* 165 AD2d 233). In brief, claimants—an engineering firm and one of its principals—seek to recover for damages sustained as a result of alleged wrongdoing by members of the State's Temporary Commission of Investigation (hereinafter the SIC), in connection with an investigation into the involvement of organized crime in the building industry, and the publication of two reports outlining the results of that investigation.

After several of claimants' causes of action were dismissed upon the State's prior motion *(see, id.),* amended pleadings were served and discovery was had. The State then brought

the instant motion for summary judgment with respect to the remaining claims—sounding in tortious interference with contractual relations, prima facie tort and defamation—and claimants cross-moved for summary judgment. The Court of Claims partially granted the State's motion to the extent of dismissing the defamation claim, but otherwise denied the relief sought, prompting these cross appeals.

Claimants' chief contention, that the defamation claim should not have been dismissed, has merit. In resolving this aspect of the State's motion, the Court of Claims held, in essence, that claimants' participation in a matter of public concern—namely, the process of bidding for and securing public construction contracts—rendered them "public figures" for the purpose of communications relating to that process. Finding the record devoid of clear and convincing evidence that the challenged statements were the product of "actual malice", the court concluded that dismissal was warranted.

Manifestly, the subject of governmental expenditures is a matter of public concern. But even where the subject of a communication is one of legitimate public concern, a private party may nevertheless recover for damages caused by the publication of defamatory material upon a lesser showing of fault than that which must be made by a public official or public figure. To recover, the former need only demonstrate by a preponderance of the evidence that the defendant "acted in a grossly irresponsible manner" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199; *see, Karaduman v Newsday, Inc.*, 51 NY2d 531, 539), while the latter cannot succeed except upon evidence clearly and convincingly showing "actual malice" (*Kelly v State of New York*, 131 AD2d 176, 179). At the outset, it is thus necessary to determine whether claimants, who are plainly neither public officials nor so well known or influential as to be considered public figures for all purposes (*see, Gertz v Robert Welch, Inc.*, 418 US 323, 345), should be considered "public figures" as to the particular subject matter at issue (*see, id.*).

The State contends that, by accepting work in connection with the renovation of the Feura Bush water filtration plant, an Albany-area project that was subsequently selected by the SIC for detailed investigation as part of its building industry probe, and other work for the City of Albany, claimants voluntarily subjected themselves to public scrutiny and must therefore be considered "limited issue" public figures for the purpose of any communication respecting their involvement in

those projects. We disagree, for in our view the mere fact that a party contracted with, or furnished professional services to, a municipality is not, without more, enough to warrant a finding that they have "thrust themselves to the forefront of [a] particular public controvers[y]" (*id.*, at 345; *see, Greenberg v CBS Inc.*, 69 AD2d 693, 703).

Neither the receipt of public funds (*see, Hutchinson v Proxmire*, 443 US 111, 135) nor involvement in a controversial industry, alone, confers public figure status on an individual (*see, McGill v Parker*, 179 AD2d 98, 107, n 2; *cf., Waldbaum v Fairchild Publs.*, 627 F2d 1287, 1299, *cert denied* 449 US 898). Significantly, the State does not assert that claimants' acceptance, or performance, of the particular work in question was, at the time, the subject of any appreciable amount of public debate or controversy. Nor has the State cited anything claimants did in the course of the SIC's investigations that could be deemed to have "invite[d] or attempt[ed] to attract public attention" (*Greenberg v CBS Inc.*, *supra*, at 704).

As a consequence, the appropriate standard by which the State's conduct must be measured is that of "gross irresponsibility", as evinced by a failure to comport with "the standards of information gathering and dissemination ordinarily followed by responsible parties" (*Chapadeau v Utica Observer-Dispatch*, *supra*, at 199).[1] In opposition to the State's motion, claimants have submitted proof that SIC representatives were aware that claimants had no cognizable ties to organized crime and had stated, on several occasions, that their investigation had revealed nothing improper about claimants' practices or records. If credited, this could support a finding that the State, if not actually aware of the falsity of the challenged statements (which insinuated, *inter alia*, that claimants had obtained work from the City of Albany by improper means), was at least on notice of the lack of a factual basis therefor, such that it should have been alerted to the need to make some further attempt to verify its claims prior to publication (*see, James v Gannett Co.*, 40 NY2d 415, 424; *Ocean State Seafood v Capital Newspaper,*

1. As for claimants' contention that no showing of culpability is necessary, because the State, not being associated with the institutional media, is not entitled to invoke the qualified privilege derived from the First Amendment, we are not persuaded. Given the underlying principles of encouraging debate, and the free flow of information, with respect to issues of public concern, there is no reasonable basis for declining to extend the constitutional privilege to those who, like the SIC, have made public statements bearing on such matters with the knowledge and intent that those statements would be widely disseminated (*see, McGill v Parker*, 179 AD2d 98, 108, *supra*).

112 AD2d 662, 665; *compare, Gaeta v New York News*, 62 NY2d 340, 351).[2] Hence, summary dismissal of the defamation claim is inappropriate.

■■ For essentially the reasons outlined by the Court of Claims, we find the remaining claims, which the State contends should have been dismissed, triable. It suffices to note that the proof tendered by claimants, particularly the testimony of Anthony Noto, the Supervisor of the Town of Babylon in Suffolk County, raises a question as to whether SIC members' assertedly false and misleading statements caused claimants to lose an opportunity to enter into a contract with that Town, substantiating their charge of tortious interference with business relations (*see, WFB Telecommunications v NYNEX Corp.*, 188 AD2d 257, *lv denied* 81 NY2d 709). Moreover, the record as a whole, viewed in the light most favorable to claimants, could arguably support a finding that some of the conduct and statements of the State's agents were motivated solely by " 'disinterested malevolence' " toward claimants, so as to permit recovery for prima facie tort (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333).

MIKOLL, J. P., MERCURE, CREW III and PETERS, JJ., concur.

Ordered that the order is modified, on the law, with costs to claimants, by reversing so much thereof as granted the State's motion for summary judgment with respect to claimants' defamation claim; motion denied to that extent; and, as so modified, affirmed.

---

2. Indeed, the issuance of a defamatory statement, with knowledge that it is based on mere speculation and conjecture, or in the face of contradictory factual evidence, has been held sufficient to support a finding of "actual malice" (*see, Prozeralik v Capital Cities Communications*, 82 NY2d 466, 477; *Bruno v New York News*, 89 AD2d 260, 268).