■ WILLIAM BONANNI, Respondent, v HEARST COMMUNICA-TIONS, INC., et al., Appellants. [872 NYS2d 221]—

Malone Jr., J. Appeal from an order of the Supreme Court (McNamara, J.), entered April 8, 2008 in Albany County, which denied defendants' motion to dismiss the complaint.

This libel action arises out of the publication of two articles written by defendant Fred LeBrun and published by defendant Hearst Corporation, Inc.[1] in its newspaper, the Times Union. The articles at issue appeared in the newspaper's "Capital Region" section and were identified as "commentary." In the first article, entitled "This police officer's departure would be plus for department," LeBrun wrote about plaintiff, a member of the City of Albany Police Department, and called for plaintiff's dismissal from the police force, citing the allegation that plaintiff reported for duty under the influence of alcohol and plaintiff's history of "administrative leave or suspension [as

---

**1.** Defendant was improperly named in the complaint as Hearst Communications, Inc.

a result of] a series of serious incidents." He then mentioned the prior incidents, including an off-duty beating of a college student and the accidental shooting death of a bystander during a police chase of a suspect.[2] In the second article, entitled "Police union should accept chief's alcohol policy," LeBrun mainly criticized the police officer's union for its opposition to the police chief's zero-tolerance alcohol policy, but also discussed the union's support for plaintiff in an arbitration proceeding, again raising the issue of plaintiff's alleged intoxication at work. LeBrun reiterated that plaintiff spent many years on administrative leave or suspension and ended by again calling for plaintiff's removal from the police force.

Following the publication of the second article, plaintiff commenced this action against LeBrun and Hearst, alleging that the statements contained in the article were false and published with actual malice. Specifically, plaintiff alleged that he was defamed by LeBrun's assertions that he was intoxicated at work, that the public wanted plaintiff fired, that he was unfit for service as a police officer and that he did not deserve the support of the police union. Defendants moved to dismiss the complaint for failure to state a cause of action, asserting, among other things, that the statements made in the articles were nonactionable opinion. Supreme Court denied the motion and defendants now appeal.[3]

On a motion to dismiss in a libel action, the court must determine whether the plaintiff "sufficiently allege[d] false, defamatory statements of *fact* rather than mere nonactionable statements of *opinion*" (*Gross v New York Times Co.*, 82 NY2d 146, 149 [1993]). Whether a statement constitutes fact or opinion is a question of law (*see Mann v Abel*, 10 NY3d 271, 276 [2008]) and, in making this determination, a court should consider (1) whether the language of the challenged statements has "a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false"; and (3) whether, considering the context in which the statements were made, readers are likely to understand the statements to be opinion, rather than fact (*Gross v New York Times Co.*, 82 NY2d at 153; *see Steinhilber v Alphonse*, 68 NY2d 283, 292 [1986]). The context in which the statements are made includes not only the immediate context within the specific communication, but also the "broader social context and surrounding cir-

---

2. The article does clarify that plaintiff was not the officer who fired the deadly shot.

3. Defendants inform this Court that their motion to reargue is currently pending in Supreme Court.

cumstances" (*Gross v New York Times Co.*, 82 NY2d at 153). In short, the court must consider " 'whether a reasonable [reader] could have concluded that [the articles were] conveying facts about the plaintiff' " (*id.* at 152, quoting *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992], *cert denied* 508 US 910 [1993]).

Here, considering the content and context of the articles as a whole, as well as their tone and apparent purpose (*see Mann v Abel*, 10 NY3d at 276), we find that a reasonable reader would conclude that the articles were conveying LeBrun's opinion, rather than facts, about plaintiff. While not dispositive, it is notable that LeBrun's columns are identified in the print version of the paper as "commentary" and appear on the newspaper's Web site under the "opinion" category, which signals to a reasonable reader that the articles will likely contain the author's opinion (*see Brian v Richardson*, 87 NY2d 46, 52 [1995]). The tenor of the columns at issue, including remarks such as, "At long last, [plaintiff] is going to be shown the street instead of pounding it. The city's patience is exhausted, and so is the public's, and radical action is way overdue," and "[Plaintiff] doesn't deserve [support] from anybody, not even his union. What has he done for his brothers and sisters in blue except bring them shame and public disgust?", signaled to the reader that LeBrun was expressing his opinion.

Moreover, in the first article, LeBrun specified that the claim that plaintiff "showed up drunk for his regular work shift" was merely an "allegation," and noted that plaintiff would subsequently "be formally served with disciplinary charges." In the second article, LeBrun urged the police union to temper its vigorous support of plaintiff in connection with the disciplinary charges—which he characterized as involving plaintiff "bl[owing] twice the legal limit one night when he came to work"—in connection with arbitration on those charges that remained "pending." In our view, the description of the pending charges in the second article, entitled "Police union should accept chief's alcohol policy," was included not to convince the reader of plaintiff's guilt, but to urge the police union to pursue a particular course of action in defending alcohol-related charges. "Given this contextual background, we conclude on this record that a reasonable reader would understand the statements defendant made about plaintiff as mere *allegations* to be [arbitrated] rather than as *facts*" (*id.* at 53; *see Millus v Newsday, Inc.*, 89 NY2d 840, 842 [1996], *cert denied* 520 US 1144 [1997]). That is, considering the overall context of the articles, as well as the broader social context in which the articles were published—

which the record discloses included years of widespread television and print media coverage of the allegations of misconduct by plaintiff—a reasonable reader would understand and conclude that LeBrun was offering his own opinions about plaintiff rather than an objective news reporting (*compare Gross v New York Times Co.*, 82 NY2d at 154-155). Accordingly, defendants' motion to dismiss the complaint should have been granted.

Mercure, J.P., Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.