■ HAROLD J. LODER, Respondent, v ROBERT NIED et al., Appellants. [932 NYS2d 546]—

Stein, J.

---

**2.** Metz had purchased Peterson Petroleum's stock in 1986 and had been hired by H&K as a consultant in 1988.

Defendants Robert Nied, Donald Airey and Renee Grabowski co-founded defendant Schoharie Valley Watch, Inc. (hereinafter SVW), a not-for-profit corporation with a designated purpose of "promot[ing] open and responsible government in the Schoharie Valley." Nied, Airey and Grabowski, as officers of SVW, sent three letters (dated August 18, 2009, November 19, 2009 and July 1, 2010) to a number of public officials pertaining to plaintiff in his capacity as the Planning Board Chair of the Town of Richmondville in Schoharie County. Each of the letters called into question the propriety of plaintiff's actions in connection with Planning Board business. SVW also issued a press release through its Web site calling for plaintiff's resignation from the Planning Board.

Plaintiff commenced this action seeking damages on the basis that the letters and press release published by defendants constitute libel per se. After issue was joined, defendants moved to dismiss the complaint for failure to state a cause of action or, in the alternative, for summary judgment. Defendants also sought an award of costs and counsel fees pursuant to CPLR 8303-a. Supreme Court found that the complaint failed to state a cause of action with respect to the August 2009 letter and the press release and granted defendants' motion to that extent, but denied the motion in all other respects. Defendants now appeal from so much of Supreme Court's order as failed to dismiss the complaint in its entirety and failed to award them costs and counsel fees.

We affirm. As relevant here, in order to recover damages for libel, plaintiff, a public official,[1] must demonstrate that a false and defamatory statement was published by defendants with actual malice (*see Geraci v Probst*, 15 NY3d 336, 346 [2010, Smith, J., dissenting]; *Kipper v NYP Holdings Co., Inc.*, 12 NY3d 348, 353 [2009]; *New York Times Co. v Sullivan*, 376 US 254, 279-280 [1964]). A statement is defamatory if it " 'tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him [or her] in the minds of right-thinking persons, and to deprive him [or her] of their

---

1. While Supreme Court has not yet explicitly determined whether plaintiff is a public official and the parties do not address that issue in the context of this appeal, it appears that plaintiff considers himself to be a public official based upon his arguments that disclosure is necessary on the issue of malice, which is relevant only if he is, indeed, a public official or public figure (*see Sweeney v Prisoners' Legal Servs. of N.Y.*, 146 AD2d 1, 6 [1989], *lv dismissed* 74 NY2d 842 [1989]; *Mahoney v State of New York*, 236 AD2d 37, 39 [1997]; *compare Porcari v Gannett Satellite Info. Network, Inc.*, 50 AD3d 993, 994 [2008]; *Dec v Auburn Enlarged School Dist.*, 249 AD2d 907, 908 [1998]). Accordingly, we treat him as such for purposes of this decision.

friendly intercourse in society' " (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379 [1977], *cert denied* 434 US 969 [1977], quoting *Sydney v MacFadden Newspaper Publ. Corp.*, 242 NY 208, 211-212 [1926]; *accord Ingber v Lagarenne*, 299 AD2d 608, 609 [2002], *lv denied* 99 NY2d 507 [2003]). In addition, in order to state a cause of action for libel, the complaint must set forth " 'allege[d] false, defamatory statements of *fact* rather than mere nonactionable statements of *opinion*' " (*Bonanni v Hearst Communications, Inc.*, 58 AD3d 1091, 1092 [2009], quoting *Gross v New York Times Co.*, 82 NY2d 146, 149 [1993]; *see Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US 1170 [2009]; *Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Silsdorf v Levine*, 59 NY2d 8, 13 [1983], *cert denied* 464 US 831 [1983]).

The question of "[w]hether a particular statement constitutes an opinion or an objective fact" is one of law to be determined by the court (*Mann v Abel*, 10 NY3d at 276; *see Gentile v Grand St. Med. Assoc.*, 79 AD3d 1351, 1352 [2010]). In making such determination, the court should consider "(1) whether the language of the challenged statements has 'a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false'; and (3) whether, considering the context in which the statements were made, readers are likely to understand the statements to be opinion, rather than fact" (*Bonanni v Hearst Communications, Inc.*, 58 AD3d at 1092, quoting *Gross v New York Times Co.*, 82 NY2d at 153). Statements of opinion may nonetheless be actionable where they are "mixed opinion" implying a basis in undisclosed fact (*see Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1561 [2010]; *Clark v Schuylerville Cent. School Dist.*, 24 AD3d 1162, 1163 [2005]). Moreover, even a statement of "pure opinion" that accuses the plaintiff of engaging in criminal conduct may be actionable (*see Rinaldi v Holt, Rinehart & Winston*, 42 NY2d at 382; *Sweeney v Prisoners' Legal Servs. of N.Y.*, 146 AD2d at 5).

Here, plaintiff takes issue with the following language in the November 2009 letter: "[Plaintiff] has been presiding over, and voting on, Planning Board actions related to the review and approval of subdivisions, in violation of [General Municipal Law § 805-a] . . . [Plaintiff] has repeatedly demonstrated an 'appearance of impropriety' . . . by expressing a predisposition and outward bias in support of development projects before his board, including those projects [in which] he may have had a direct, indirect or familial interest . . . [Plaintiff] has publicly expressed predisposed support for several projects . . . while ap-

plications for approval of those [projects] were pending before his board. [Plaintiff]'s bias, conflict(s)-of-interest and position as Planning Board Chair may have influenced the determination of that board." Plaintiff also claims that the July 2010 letter was defamatory based upon, among other things, the following statements: "The Planning Board, under the direction of [plaintiff], continues to exhibit official behaviors that suggest either an ignorance of, or contempt for, the requirements of [the State Environmental Quality Review Act and] . . . continues to act in a manner that lacks diligence and is inconsistent and arbitrary . . . [Plaintiff] also issued erroneous and inconsistent statements regarding the manner in which a Lead Agency is designated under the provisions of [the State Environmental Quality Review Act,] . . . he disregards the charge of the Board for which he serves as Chair [and] [h]is lack of diligence is a dramatic illustration of his failure to complete the required training . . . [Plaintiff's] behavior creates the appearance of an improper 'quid pro quo' agreement between the real estate firm from which [plaintiff] receives direct financial gain and the buyer, in which Planning Board approval for property purchased from his company, could be viewed as implicit and a 'benefit' of doing business with that company . . . [Plaintiff's] attestations . . . , may in fact, represent the knowing and willful act of [f]iling a [f]alse [i]nstrument."

Initially, we agree with Supreme Court's determination that these statements are susceptible to a defamatory meaning, inasmuch as they convey, at a minimum, serious impropriety and, at worst, criminal behavior (*see Rinaldi v Holt, Rinehart & Winston*, 42 NY2d at 382; *Casamassima v Oechsle*, 125 AD2d 855, 856 [1986]), despite having purportedly been made in the context of ethics complaints. Further, while both letters include opinions, they nonetheless contain actionable statements. For example, the November 2009 letter suggests that plaintiff has engaged in improper action by giving favors to individuals before the Planning Board who have some connection to him and, taken in context, convey a strong "inference that such statement[s] [are] based upon certain facts known to the speaker that are undisclosed to the listener," rendering them actionable mixed opinion (*Rossi v Attanasio*, 48 AD3d 1025, 1027 [2008]; *see Gross v New York Times Co.*, 82 NY2d at 153-154; *Silsdorf v Levine*, 59 NY2d at 15-16; *Ferris v Loyal Order of Moose Oneonta Lodge No. 465*, 259 AD2d 914, 915 [1999], *lv dismissed* 94 NY2d 838 [1999]).

Additionally, while the language of the July 2010 letter is likewise presented in the form of an opinion, it indicates that

plaintiff may have acted criminally by knowingly and willfully filing a false instrument (*see* Penal Law §§ 175.30, 175.35). Contrary to defendants' contention, the footnote following this statement[2] is insufficient to obviate a finding that the statement is actionable because it ultimately "accuse[s] [plaintiff] of engaging in criminal conduct" (*Sweeney v Prisoners' Legal Servs. of N.Y.*, 146 AD2d at 5). Further, plaintiff's allegation that defendants published the letters with actual malice would, if true, defeat defendants' argument that the letters were privileged (*see Foster v Churchill*, 87 NY2d 744, 751-752 [1996]; *Stukuls v State of New York*, 42 NY2d 272, 282 [1977]; *Dickson v Slezak*, 73 AD3d 1249, 1251 [2010]).

In view of the foregoing and accepting the other allegations within the complaint as true (*see ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208, 227 [2011]; *Mesiti v Mongiello*, 84 AD3d 1547, 1548-1549 [2011])—including that the alleged defamatory statements are "unequivocally false or substantially untrue"—we concur with Supreme Court's determination that the complaint stated a cause of action with respect to the November 2009 and July 2010 letters. Accordingly, Supreme Court properly denied defendants' CPLR 3211 (a) (7) motion with respect to those letters.

Defendants' alternative argument that summary judgment should have been granted is also unavailing. Supreme Court properly exercised its discretion in denying such relief based upon plaintiff's assertion that certain material facts—particularly concerning the issue of actual malice—are unavailable to plaintiff because, among other things, there has been no disclosure whatsoever (*see* CPLR 3212 [f]; *Stukuls v State of New York*, 42 NY2d at 282; *Grier v Johnson*, 232 AD2d 846, 848 [1996]; *see generally Stockwell v Town of New Berlin*, 69 AD3d 1266, 1268 [2010]).

Lastly, we discern no abuse of Supreme Court's discretion in its denial of defendants' request for an award of costs and counsel fees. Although Supreme Court found that the August 2009 letter and the press release did not contain any actionable statements, inasmuch as Supreme Court properly found that the claims based upon the other letters were sufficient to survive defendants' motion, it cannot be said that plaintiff's complaint has no reasonable basis in the law (*see* CPLR 8303-a [c] [i], [ii]; *Providence Wash. Ins. Co. v Munoz*, 85 AD3d 1142, 1144 [2011]).

---

**2.** The footnote stated that "SVW does not have subpoena and/or other investigative authority; therefore SVW is not alleging the commission of a felony or other crime only the appearance of an action that may ultimately prove to be inconsistent with the law, a determination that can only be made following an investigation by the appropriate authorities."

Defendants' remaining contentions have been considered and are unpersuasive.

Rose, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.