Lahtinen, J.
Appeal from an order of the Supreme Court (Krogmann, J.), entered October 11, 2012 in Warren County, which denied defendant’s motion for summary judgment dismissing the complaint.
In 2009, plaintiff ran for Town Supervisor of the Town of Warrensburg in Warren County, a position he had previously held from 1988 to 1997. During the campaign, a political advertisement appeared in a local newspaper that included comments about defendant, who was the Superintendent of the Town’s public works department. Defendant took offense to those comments. The advertisement indicated that it had been paid for by the committee to elect plaintiff and Bryan Rounds; Rounds was another candidate running for a Town office with plaintiff, and Rounds also had a familial relationship to plaintiff. In response, defendant took out a full page advertisement in the Glens Falls Eost-Star that appeared on election day and included statements that plaintiff considered defamatory. Flaintiff thus commenced this defamation action and defendant counterclaimed contending that plaintiff had defamed him in the earlier advertisement. Following disclosure, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant now appeals.
Plaintiff was a public figure (see Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 198 [1975]) and, as such, he must prove by clear and convincing evidence that defendant made a false statement with actual malice (see Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 353-354 [2009]). Distinguishing actionable fact from a protected expression of opinion is a question of law in which several factors are weighed, including whether the al *1125 legedly defamatory words have a precise meaning that is readily understood, whether the statement can be proven as true or false, and whether the context and surrounding circumstances would indicate that the comment is an opinion (see e.g. Thomas H. v Paul B., 18 NY3d 580, 584 [2012]). Further, summary judgment dismissing a defamation action may be avoided where the statement is a “ ‘mixed opinion’ implying a basis in undisclosed fact” or “ ‘pure opinion’ that accuses the plaintiff of engaging in criminal conduct” (Loder v Nied, 89 AD3d 1197, 1199 [2011]).
Defendant’s advertisement announced one of its purposes was “to expose the low character” of plaintiff. He continued that he had previously “not stooped to [plaintiff’s] level and ‘spilled the beans’ about numerous unscrupulous dealings [he had] witnessed as DPW Superintendent during [plaintiffs] several terms in office.” Defendant then set forth in some detail one apparent example of such purported conduct in which plaintiff allegedly insisted on changing a sewer expansion project at great cost to the Town in order to receive a significant personal financial benefit. Since defendant’s statement includes both a strong inference that he knows undisclosed facts that support his assertion that plaintiff engaged in “numerous unscrupulous dealings” when he previously was Town Supervisor and includes an example that indicated possible unlawful abuse of that office, we agree with Supreme Court that the statements are sufficiently susceptible to a defamatory meaning to avoid summary judgment (see Silsdorf v Levine, 59 NY2d 8, 16 [1983], cert denied 464 US 831 [1983]; Loder v Nied, 89 AD3d at 1200).
Moreover, defendant essentially acknowledged at his deposition that he had no basis for some of his accusations, and when this proof is viewed most favorably to the nonmovant, there is adequate evidence in the record to raise a triable issue of fact regarding whether defendant acted with actual malice (see DiFabio v Jordan, 113 AD3d 1109, 1110 [2014]; Curren v Carbonic Sys., Inc., 58 AD3d 1104, 1106-1107 [2009]). The remaining arguments have been considered and are unpersuasive.
Peters, PJ., Garry and Rose, JJ., concur. Ordered that the order is affirmed, with costs.