# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1304**
**CA 14-00914**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

MICHAEL F. FIORE AND SUSAN FIORE,
PLAINTIFFS-PETITIONERS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

TOWN OF WHITESTOWN, TOWN OF WHITESTOWN POLICE
DEPARTMENT, BRIAN BROOKS, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY AS A MEMBER OF THE
WHITESTOWN POLICE COMMISSION, DANIEL SULLIVAN,
IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A
MEMBER OF THE WHITESTOWN POLICE COMMISSION,
NORMAN ULINKSI, DONALD WOLANIN, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY AS CHIEF OF POLICE FOR TOWN
OF WHITESTOWN, DEFENDANTS-RESPONDENTS-RESPONDENTS,
ET AL., DEFENDANTS-RESPONDENTS.

---

BOSMAN LAW FIRM, LLC, ROME (A.J. BOSMAN OF COUNSEL), FOR
PLAINTIFFS-PETITIONERS-APPELLANTS.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN GUYDER FELTER
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oneida County (Peter
A. Schwerzmann, A.J.), entered July 22, 2013. The order granted the
motion of defendants-respondents to dismiss the complaint-petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff-petitioner Michael F. Fiore (plaintiff)
was formerly employed by defendant-respondent Town of Whitestown
Police Department (Police Department) as a part-time probationary
police officer. Plaintiff was terminated from that position after the
employee of a tanning salon appeared at a meeting of the Whitestown
Police Commission (Police Commission) and told the Commissioners that,
while plaintiff was off duty, he visited the tanning salon and
displayed a handgun. The tanning salon employee also told the
Commissioners that, before plaintiff began working for the Police
Department, the owner of the tanning salon saw plaintiff masturbating
in a tanning booth. After hearing from the tanning salon employee,
the Police Commission terminated plaintiff's employment. After an
unsuccessful course of litigation in federal court, plaintiffs-
petitioners (plaintiffs) commenced this hybrid action at law and CPLR
article 78 proceeding in Supreme Court, seeking, inter alia, damages

for allegedly defamatory statements made by defendants-respondents Brian Brooks, Daniel Sullivan, and Norman Ulinski, individually and in their official capacities as members of the Police Commission, and by defendant-respondent Donald Wolanin, individually and in his official capacity as Chief of Police for the Town of Whitestown. The court granted defendants-respondents' (defendants) motion to dismiss the complaint-petition (complaint) pursuant to CPLR 3211, and we affirm.

At the outset, we agree with the parties that defendants' motion should be considered a motion for summary judgment dismissing the complaint. Although defendants stated in their moving papers that they were seeking dismissal of the complaint pursuant to CPLR 3211, both parties submitted numerous exhibits to the court, including affidavits and transcripts of deposition testimony from several witnesses in the federal lawsuit. Thus, "the respective submissions of both parties demonstrate that they are laying bare their proof and deliberately charting a summary judgment course" (*Hendrickson v Philbor Motors, Inc.*, 102 AD3d 251, 258-259; *see Nowacki v Becker*, 71 AD3d 1496, 1497).

Contrary to plaintiffs' contention, the court properly granted that part of the motion with respect to the first cause of action, for libel, asserted against Brooks, Sullivan, and Ulinski. That cause of action was based on allegations that Brooks, Sullivan, and Ulinski made libelous statements in the letter that terminated plaintiff's employment as a probationary police officer. There is complete immunity from liability for defamation for " 'an official [who] is a principal executive of State or local government who is entrusted by law with administrative or executive policy-making responsibilities of considerable dimension' . . . , with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties" (*Clark v McGee*, 49 NY2d 613, 617, quoting *Stukuls v State of New York*, 42 NY2d 272, 278). Here, the Town Board has the statutory authority to "make, adopt and enforce rules, orders and regulations for the government, discipline, administration and disposition of the police department and of the members thereof" (Town Law § 154) and, as members of the Police Commission, Brooks, Sullivan, and Ulinski were delegated "all the powers relative to police matters conferred upon the town board" (§ 150 [2]). We therefore conclude that Brooks, Sullivan, and Ulinski were entitled to absolute immunity because "members of the Town Board enjoy an absolute privilege against a claim of defamation where . . . the defamatory statements are made in the discharge of their responsibilities about matters within the ambit of their duties" (*Baumblatt v Battalia*, 134 AD2d 226, 228), and "[t]he privilege of absolute immunity . . . 'extends to those of subordinate rank who exercise delegated powers' " (*Firth v State of New York*, 12 AD3d 907, 907-908, *lv denied* 4 NY3d 709, quoting *Ward Telecom. & Computer Servs. v State of New York*, 42 NY2d 289, 292; *see Algarin v Town of Wallkill*, 313 F Supp 2d 257, 260-261, *affd* 421 F3d 137).

Contrary to plaintiffs' further contention, the court properly granted that part of defendants' motion seeking dismissal of the second and third causes of action, for two separate incidents of

slander, asserted against Ulinski.  " 'A qualified privilege arises
when a person makes a good[ ]faith, bona fide communication upon a
subject in which he or she has an interest, or a legal, moral or
societal interest to speak, and the communication is made to a person
with a corresponding interest' " (*Matter of Hoge [Select Fabricators,
Inc.]*, 96 AD3d 1398, 1400; *see Kondo-Dresser v Buffalo Pub. Schs.*, 17
AD3d 1114, 1114-1115).  Here, defendants submitted evidence that, at
the time of the alleged slanderous communications, Ulinski was a
member of the Police Commission and, therefore, had an interest in
plaintiff's performance as a probationary police officer, and that
Ulinski made the communications to persons with a corresponding
interest in plaintiff's performance, namely to a member of the Town
Board, and to the president of the union that represented plaintiff
(*see Hoge*, 96 AD3d at 1400; *Mancuso v Allergy Assoc. of Rochester*, 70
AD3d 1499, 1500).  We further conclude that plaintiffs "failed to
raise a triable issue of fact whether the statements were motivated
solely by malice" (*Mancuso*, 70 AD3d at 1501; *see Cooper v Hodge*, 28
AD3d 1149, 1150-1151).

Contrary to plaintiffs' further contention, the court properly
granted that part of defendants' motion seeking dismissal of the
fourth cause of action, for slander, asserted against Wolanin.
Wolanin's statements that plaintiff did something that "wasn't good"
and that plaintiff "knew what he did" were not actionable because
Wolanin's words were " 'vague, ambiguous, indefinite and incapable of
being objectively characterized as true or false' " (*Boulos v Newman*,
302 AD2d 932, 933).

We conclude that the court also properly granted that part of
defendants' motion seeking dismissal of plaintiffs' fifth cause of
action, for tortious interference with prospective advantage, asserted
against Brooks, Sullivan, and Ulinski, based on the allegation that
those defendants interfered with plaintiff's attempts to find
employment with other police agencies (*see North State Autobahn, Inc.
v Progressive Ins. Group Co.*, 102 AD3d 5, 21; *see also Zetes v
Stephens*, 108 AD3d 1014, 1020).  Here, defendants established as a
matter of law that they did not interfere with plaintiff's attempts to
find such other employment (*see North State Autobahn, Inc.*, 102 AD3d
at 21), and plaintiffs failed to raise a triable issue of fact (*see
generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We conclude that the court properly granted that part of
defendants' motion seeking dismissal of plaintiffs' eighth cause of
action, for tortious interference with contract, asserted against
Brooks, Sullivan, and Ulinski.  Defendants established as a matter of
law that plaintiff did not have a valid contract with a third party,
as is required to make out a prima facie case for tortious
interference with an existing contract (*see generally Lama Holding Co.
v Smith Barney*, 88 NY2d 413, 424; *NBT Bancorp v Fleet/Norstar Fin.
Group*, 87 NY2d 614, 620-621).  Plaintiff is not a party to the
collective bargaining agreement with the Town of Whitestown (*see
generally Matter of Board of Educ., Commack Union Free Sch. Dist. v
Ambach*, 70 NY2d 501, 508, *cert denied* 485 US 1034), and has no
standing to seek relief as a third-party beneficiary to that agreement

(*see generally Leblanc v Security Servs. Unit Empls. of N.Y. State Law Enforcement Officers Union, Council 82, AFSCME, AFL-CIO*, 278 AD2d 732, 734).

Contrary to plaintiffs' contention, the court properly granted that part of defendants' motion seeking dismissal of the sixth cause of action, for prima facie tort, asserted against Brooks, Sullivan, and Ulinski. Defendants established as a matter of law that the sole motivation in terminating plaintiff's employment was not " 'disinterested malevolence,' " which is a required element to recover damages for prima facie tort (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333; *see Morrison v Woolley*, 45 AD3d 953, 954), and plaintiffs failed to raise a triable issue of fact (*see generally Alvarez*, 68 NY2d at 324).

Contrary to plaintiffs' further contention, the court properly determined that plaintiff is not entitled to relief pursuant to CPLR article 78 and, therefore, properly granted that part of defendants' motion seeking dismissal of the 12th cause of action. As a probationary police officer, plaintiff could be " 'dismissed for almost any reason, or for no reason at all[,]' . . . [and he] had no right to challenge the termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason" (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763, quoting *Matter of Venes v Community Sch. Bd. of Dist. 26*, 43 NY2d 520, 525). Defendants submitted evidence establishing as a matter of law that plaintiff was not dismissed in bad faith or for an improper or impermissible reason, i.e., that he was dismissed from employment because he displayed a handgun while off duty and because he had masturbated at the tanning salon, and plaintiffs failed to submit any evidence raising a triable issue of fact (*see generally Matter of Mathis v New York State Dept. of Corr. Servs.* [appeal No. 2], 81 AD3d 1435, 1436-1437; *Matter of Carroll v New York State Canal Corp.*, 51 AD3d 1389, 1390). Finally, in view of our determination with respect to the foregoing causes of action, we conclude that the court properly granted that part of defendants' motion seeking dismissal of the derivative cause of action, for loss of consortium (*see Moore v First Fed. Sav. & Loan Assn. of Rochester*, 237 AD2d 956, 957).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court