*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                 522444
_____

DENNIS G. HULL et al.,
                    Appellants,

        v
                                        MEMORANDUM AND ORDER

TOWN OF PRATTSVILLE et al.,
                    Respondents,
                    et al.,
                    Defendant.
_____

Calendar Date:  November 21, 2016

Before:  McCarthy, J.P., Lynch, Rose, Clark and Aarons, JJ.

                    _____


        Kevin A. Luibrand, Latham, for appellants.

        Shantz & Belkin, Latham (Frederick F. Shantz of counsel),
for Town of Prattsville and others, respondents.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Fisher, J.),
entered September 24, 2015 in Greene County, which, among other
things, granted certain defendants' motion for summary judgment
dismissing the complaint.

        In the aftermath of severe flooding caused by Hurricane
Irene in August 2011, plaintiff Dennis G. Hull, with another
person working for him, towed approximately 100 damaged vehicles
located in the Town of Prattsville, Greene County, including a
vehicle owned by defendant John King.  In April 2012, King wrote
a letter to the Town Board asking who had authorized Hull — and
Hull's company, plaintiff Hull Ventures — to tow his vehicle away
from where it had been parked on private property and expressing

his "outrage" over the fact that plaintiffs had charged his insurance company a fee of $934.20. Among other things, the letter accused plaintiffs of "grand theft auto," "price gouging" and "pull[ing] one over on the insurance companies." At the subsequent Town Board meeting, defendant Bonita Chase, a Town Board member, acknowledged receipt of the letter and stated that the Town Board would look into its allegations. In the course of the ensuing investigation by several agencies, Hull indicated that defendant Michael O'Hara, who was appointed by defendant Town of Prattsville to assist in managing the flood cleanup efforts, directed him to tow the vehicles. Defendant Kory O'Hara, the Town Supervisor, and Michael O'Hara each provided a sworn statement denying that they had authorized Hull to tow vehicles without first obtaining the owner's permission.

After filing a notice of claim, plaintiffs commenced this action, alleging, among other things, that six statements in King's April 2012 letter were defamatory, that Chase and Kory O'Hara republished the letter at the Town Board meeting and that the O'Haras' sworn statements were also defamatory. Following joinder of issue, plaintiffs filed a bill of particulars, asserting, as is relevant here, that King made two additional defamatory statements in a May 2012 letter to plaintiffs' counsel and that Kory O'Hara made an additional defamatory statement in his sworn statement. Thereafter, the Town, the O'Haras and Chase (hereinafter collectively referred to as the Town defendants) and King moved for summary judgment dismissing the complaint. Supreme Court partially granted King's motion, finding that portions of the six statements from the April 2012 letter and the two statements from the May 2012 letter were not defamatory, as they were either true or constituted pure opinion. In addition, Supreme Court granted the motion by the Town defendants in its entirety, finding, among other things, that they are entitled to an absolute privilege and, alternatively, a qualified privilege. Plaintiffs now appeal.

Turning first to King's motion, plaintiffs contend that Supreme Court erred in dismissing the entirety of the statements identified by the court as 2, 6, 9 and 10, and a portion of statement 4, because they are defamatory and cannot be

characterized as merely opinions.[1]  It is well settled that, "[s]ince falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, only statements alleging facts can properly be the subject of a defamation action" (Davis v Boeheim, 24 NY3d 262, 268 [2014] [internal quotation marks, ellipsis and citations omitted]; see Thomas H. v Paul B., 18 NY3d 580, 584 [2012]; Coe v Town of Conklin, 94 AD3d 1197, 1199 [2012]).  "Distinguishing actionable fact from a protected expression of opinion is a question of law in which several factors are weighed, including whether the allegedly defamatory words have a precise meaning that is readily understood, whether the statement can be proven as true or false, and whether the context and surrounding circumstances would indicate that the comment is an opinion" (Baker v Galusha, 114 AD3d 1124, 1124-1125 [2014] [citation omitted]; see Gentile v Grand St. Med. Assoc., 79 AD3d 1351, 1352-1353 [2010]; Bonanni v Hearst Communications, Inc., 58 AD3d 1091, 1092 [2009]).

While a pure expression of opinion is not actionable, a "mixed opinion" — i.e., one that "'implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it'" — can be the subject of a defamation claim (Davis v Boeheim, 24 NY3d at 269, quoting Steinhilber v Alphonse, 68 NY2d 283, 289 [1986]; see Loder v Nied, 89 AD3d 1197, 1199 [2011]).  "Rather than sifting through a communication for the purpose of isolating and identifying assertions of fact," we must "look to the over-all context in which the assertions were made and determine on that basis whether the reasonable reader would have believed that the challenged statements were conveying facts about the plaintiff" (Davis v Boeheim, 24 NY3d at 270 [internal quotation marks, ellipsis and citations omitted]; see Brian v Richardson, 87 NY2d 46, 51 [1995]; Loch Sheldrake Beach & Tennis Inc. v Akulich, 141 AD3d 809, 815 [2016], lv dismissed ___ NY3d ___ [Dec. 22, 2016]).

---

[1]  Inasmuch as plaintiffs have failed to address Supreme Court's finding in relation to statements 1, 3 and 5, any challenge thereto has been abandoned (see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc., 141 AD3d 792, 794 n 2 [2016]).

Preliminarily, we note that Supreme Court properly found that King's reference to Hull engaging in "price gouging" in the April 2012 letter is a factual statement that has a defamatory meaning, inasmuch as it is capable of being proven true and implies that Hull violated General Business Law § 396-r. Supreme Court erred, however, in finding that statements 2, 4 and 6 were not similarly actionable. These statements constitute mixed opinions, as each includes a strong inference that King knows undisclosed facts that support his conclusion that Hull, among other things, committed grand larceny in the fourth degree and engaged in fraud by overcharging insurance companies (see Baker v Galusha, 114 AD3d at 1125; Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1562 [2010]; see generally Davis v Boeheim, 24 NY3d at 269). Given that these statements accuse Hull of serious impropriety, they "are sufficiently susceptible to a defamatory meaning to avoid summary judgment" (Baker v Galusha, 114 AD3d at 1125; see Loder v Nied, 89 AD3d at 1200), and we conclude that Supreme Court erred in granting King's motion with respect to them.

Turning to statements 9 and 10, both are contained in a letter that King sent in response to correspondence from plaintiffs' then-attorney in which the attorney apparently demanded that King apologize and threatened to sue King. Upon our review of these statements, we find that the context, tone and defensive nature of the letter all suggest a "circumstance[] in which an audience may anticipate [the use] of epithets, fiery rhetoric or hyperbole" (Steinhilber v Alphonse, 68 NY2d at 294 [internal quotation marks and citation omitted]; accord Gentile v Grand St. Med. Assoc., 79 AD3d at 1353; see Trustco Bank of N.Y. v Capital Newspaper Div. of Hearst Corp., 213 AD2d 940, 942 [1995]). Thus, aside from the few factual details regarding Hull's actions, a reasonable reader would conclude that the statements, including King's reference to the letter as a form of "harassment" and his assertion that Hull charged "enormous fees," represented King's opinion (see Steinhilber v Alphonse, 68 NY2d 283 at 294-295; Gentile v Grand St. Med. Assoc., 79 AD3d at 1353; Bonanni v Hearst Communications, Inc., 58 AD3d at 1093). As for the factual details in the letter, the evidence in the record establishes their truth and, therefore, they are not actionable (see Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 383 [1977],

cert denied 434 US 969 [1977]; Nekos v Kraus, 62 AD3d 1144, 1145 [2009]). Moreover, because King's letter was sent in anticipation of litigation and plaintiffs have not shown that the statements made therein were motivated solely by malice (see Liberman v Gelstein, 80 NY2d 429, 439 [1992]), we alternatively find that King is entitled to a qualified privilege (see Front, Inc. v Khalil, 24 NY3d 713, 720 [2015]).

Turning to the motion by the Town defendants, plaintiffs contend that Supreme Court erred in finding that Kory O'Hara and Chase were entitled to an absolute privilege.[2] Town supervisors and town board members are afforded absolute immunity from liability for defamation "with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties" (Clark v McGee, 49 NY2d 613, 617 [1980]; accord Fiore v Town of Whitestown, 125 AD3d 1527, 1529 [2015], lv denied 25 NY3d 910 [2015]). Notwithstanding this absolute immunity, these public officials "may still be sued if the subject of the communication is unrelated to any matters within [their] competence or if the form of the communication — e.g., a public statement — is totally unwarranted" (Clark v McGee, 49 NY2d at 618-619 [internal quotation marks, ellipsis and citation omitted]; accord Kelly v State of New York, 131 AD2d 176, 181 [1987]). Inasmuch as plaintiffs assert that the statements by Kory O'Hara and Chase were not matters within their authority or competence, we must examine "the subject matter of the statement[s] and the forum in which [they were] made in the light of the speaker's public duties" (Doran v Cohalan, 125 AD2d 289, 291 [1986], lv dismissed 69 NY2d 984 [1987]; see e.g. Van

_____

[2] During the pendency of this appeal, Supreme Court granted plaintiffs' motion to reargue and found, as is relevant here, that Michael O'Hara was not entitled to an absolute privilege, but that he was entitled to a qualified privilege.

Plaintiffs also argue that the Town is not entitled to an absolute privilege; however, the only allegations against the Town relate to the actions of Kory O'Hara and Chase. Thus, the Town's liability rises or falls with that of Kory O'Hara and Chase.

Donsel v Schrader, 84 AD3d 1467, 1469 [2011]).

Here, although the complaint alleges that Kory O'Hara and Chase republished King's April 2012 letter at the Town Board meeting, plaintiffs conceded at oral argument that the letter was not read at the meeting and, thus, no republication occurred. As to Chase's comment that the Town Board would "look into" King's allegations and Kory O'Hara's comment denying that he authorized Hull to tow vehicles, we agree with Supreme Court that these comments — which were both made during the course of the Town Board meeting — were directly related to matters within the scope of their public duties and were not unwarranted (see Van Donsel v Schrader, 84 AD3d at 1469; Monroe v Schenectady County, 266 AD2d 792, 795 [1999]). We similarly find that the sworn statement that Kory O'Hara provided to an investigator with the Department of Financial Services (statements 7 and 11) was also made in the performance of his public duties and, therefore, he is entitled to an absolute privilege (see Cosme v Town of Islip, 63 NY2d 908, 909 [1984]; compare Clark v McGee, 49 NY2d at 620).

Further, we agree with Supreme Court that Michael O'Hara is entitled to a qualified privilege in regard to his sworn statement to the Greene County Sheriff's office (statement 8), given that he and the investigator had a common interest in the subject of the investigation (see Toker v Pollak, 44 NY2d 211, 221 [1978]; Segall v Sanders, 129 AD3d 819, 820-821 [2015]; Present v Avon Prods., 253 AD2d 183, 188 [1999], lv dismissed 93 NY2d 1032 [1999]).[3] Once this qualified privilege attached, it was then incumbent upon plaintiffs to show that Michael O'Hara "'acted out of personal spite or ill will, with reckless disregard for the statement['s] truth or falsity, or with a high degree of belief that [the] statement[] [was] probably false'" (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1150 [2012], lv denied 19 NY3d 801 [2012], quoting Foster v Churchill, 87 NY2d 744, 752 [1996]; see Wilcox v Newark Val. Cent. Sch. Dist., 107 AD3d 1127, 1133 [2013]).

---

[3]  To the extent that plaintiffs contend that Michael O'Hara made a similar oral statement to an investigator with the Department of Financial Services, the same analysis applies.

Here, plaintiffs contend that Michael O'Hara's sworn statement, in which he denied that he authorized Hull to tow vehicles unless it was with the owner's permission, conflicts with his deposition testimony in which he acknowledged that he did, in fact, ask Hull to tow a vehicle that was on Town property and another that was blocking a roadway. Our review of the sworn statement and the deposition testimony, however, reveals that they are not in conflict inasmuch as there is no proof that the owners of the two vehicles referenced by Michael O'Hara had not given their permission to have their vehicles towed. Further, the record is bereft of evidence establishing that Michael O'Hara gave the sworn statement knowing that it was false. Accordingly, we find that plaintiffs have failed to establish that "'malice was the one and only cause for the publication'" and, therefore, Michael O'Hara is entitled to a qualified privilege (Liberman v Gelstein, 80 NY2d at 439, quoting Stukuls v State of New York, 42 NY2d 272, 282 [1977]; see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d at 1151; Clark v Schuylerville Cent. School Dist., 74 AD3d 1528, 1529 [2010]). In light of our determination, we need not address the Town defendants' alternative grounds for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]).

Plaintiffs' remaining contentions, to the extent not expressly addressed herein, have been considered and determined to be without merit.

McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant John King's motion as to statements 2, 4 and 6; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court