Elias v Massimillo (2018 NY Slip Op 07701)





Elias v Massimillo


2018 NY Slip Op 07701


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-04754
 (Index No. 10701/14)

[*1]Yeheskel Elias, et al., appellants, 
v
Jeanne Massimillo, etc., respondent.


Randy Scott Zelin, P.C., New York, NY, for appellants.
Mark E. Goidell, Garden City, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (George R. Peck, J.) dated March 21, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging defamation.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs allege that the defendant sent a defamatory email in 2014 to the plaintiffs' adult children. The defendant is the sister of the plaintiff Janet Elias. The plaintiff Yeheskel Elias is the husband of Janet Elias.
"A defamatory statement of fact is in contrast to pure opinion' which under our laws is not actionable because [e]xpressions of opinion, as opposed to assertions of fact, are deemed privileged and, no matter how offensive, cannot be the subject of an action for defamation'" (Davis v Boeheim, 24 NY3d 262, 269, quoting Mann v Abel, 10 NY3d 271, 276). Although the subject email communicated the defendant's opinion of the character of the plaintiff Janet Elias, the email also set forth disputed allegations of fact that had a precise meaning which were readily understood and which were capable of being proven true or false, and in context, the email could be reasonably understood to proffer assertions of fact (see Davis v Boeheim, 24 NY3d at 271-272; Baker v Galusha, 114 AD3d 1124, 1125; see also Hull v Town of Prattsville, 145 AD3d 1385, 1387-1388). Thus, the subject email communication contained potentially actionable statements of fact.
However, a plaintiff in a defamation action must allege that he or she suffered special damages—the loss of something having economic or pecuniary value (see El Jamal v Weil, 116 AD3d 732, 733-734), unless the challenged statement is defamatory per se (see Liberman v Gelstein, 80 NY2d 429, 435; Gottlieb v Wynne, 159 AD3d 799, 800; Spring v County of Monroe, 151 AD3d 1694, 1696-1697). Here, the complaint did not allege special damages. Further, the subject email did not charge the plaintiffs with any serious crime (see Liberman v Gelstein, 80 NY2d at 435), and it did not charge the plaintiff with having any "loathsome disease" (Golub v Enquirer/Star Group, 89 NY2d 1074, 1077). Although one statement in the email referred to alleged professional misconduct by the plaintiff Janet Elias, a teacher, under these circumstances that allegation of a single instance of professional misconduct is not actionable (see Cook v Relin, 280 AD2d 897, 898-[*2]899; Larson v Albany Med. Ctr., 252 AD2d 936, 939; Ram v Moritt, 205 AD2d 516), and the email did not contain any other statements that could be deemed defamatory per se. Moreover, the email did not make any potentially defamatory assertions concerning the plaintiff Yeheskel Elias (see Three Amigos SJL Rest., Inc. v CBS News Inc., 28 NY3d 82, 86; Chicherchia v Cleary, 207 AD2d 855).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging defamation.
RIVERA, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court