Enviroventures, Inc. v Wingert (2019 NY Slip Op 02605)





Enviroventures, Inc. v Wingert


2019 NY Slip Op 02605


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527396

[*1]ENVIROVENTURES, INC., et al., Appellants,
v
CAROL WINGERT, Individually and as Supervisor of the Town of Tusten, et al., Respondents, et al., Defendant.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Marvin Newberg, Monticello, for appellants.
Drake Loeb PLLC, New Windsor (Judith A. Waye of counsel), for respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals from an order and an amended order of the Supreme Court (Schick, J.), entered November 28, 2017 and December 19, 2017 in Sullivan County, which, among other things, granted the motion by defendants Carol Wingert and Brandi Merolla to dismiss the complaint against them.
Plaintiff Edward Lang owns real property in the Town of Tusten, Sullivan County, as well as several sewer and septic service businesses, including plaintiffs Enviroventures, Inc. and Lang Industries, Inc. In 2014 and 2015, the Department of Environmental Conservation (hereinafter DEC) investigated complaints of waste being dumped on Lang's property and found no violations. In August 2016, defendant Carol Wingert, the Supervisor of the Town of Tusten, and defendant Brandi Merolla, a member of the Town Council (hereinafter collectively referred to as defendants), complained to DEC that "septic dumping" was occurring on Lang's property and claiming that neighboring children were becoming sick from the raw sewage. Following an inspection, DEC issued Lang a notice of violation for eggshell waste being deposited onto his property, although it does not appear that any raw sewage was discovered there.
Based on the allegedly false environmental complaints, plaintiffs commenced this action against, as relevant here, defendants, in their official and individual capacities, alleging defamation, intentional and tortious interference with business relations and prima facie tort. Defendants moved, pursuant to CPLR 3211, to dismiss the complaint against them based on failure to state a cause of action and failure to serve a notice of claim. Plaintiffs cross-moved for leave to serve a late notice of claim. Finding, based on the allegations of the complaint, that defendants were entitled to absolute immunity for their report to DEC and their statements were [*2]therefore not actionable, Supreme Court granted defendants' motion, dismissed the complaint against them and, accordingly, denied plaintiffs' cross motion. Plaintiffs appeal.[FN1]
Supreme Court properly granted defendants' motion. "Town supervisors and town board members are afforded absolute immunity from liability for defamation 'with respect to statements made during the discharge of [their] responsibilities about matters which come within the ambit of those duties'" (Hull v Town of Prattsville, 145 AD3d 1385, 1389 [2016], quoting Clark v McGee, 49 NY2d 613, 617 [1980]; see Sheridan v Crisona, 14 NY2d 108, 112-113 [1964]; Fiore v Town of Whitestown, 125 AD3d 1527, 1528-1529 [2015], lv denied 25 NY3d 910 [2015]). However, public officials will not have absolute immunity for statements that are "unrelated to any matters within their competence or if the form of the communication — e.g., a public statement — is totally unwarranted" (Hull v Town of Prattsville, 145 AD3d at 1389 [internal quotation marks, brackets and citations omitted]; accord Lombardo v Stoke, 18 NY2d 394, 401 [1966]). To determine whether absolute immunity attaches, courts must consider the subject matter of the town officials' statements and the circumstances in which they were made (see Clark v McGee, 49 NY2d at 619).
Plaintiffs allege in the complaint that, "by reason of their elected positions," defendants held sway over local government affairs as well as having interactions with state agencies such as DEC. Plaintiffs further allege that defendants made, by phone and email, various unfounded complaints to DEC that plaintiffs engaged in dumping sewage on Lang's property and, as a result, DEC issued a notice of violation. No law explicitly mandates that town board members report to DEC or other state agencies regarding conditions in the town affecting real property or the environment, including allegations that the conditions are making children sick. Nonetheless, discretionary reporting of such conditions is not outside — and, conversely, is consistent with — the scope of those officials' duties (see e.g. Town Law § 130 [15] [permitting town boards to enact ordinances for the promotion of the health, safety, morals or general welfare of the community, including protection of property and inhabitants]; Matter of New York City Hous. Auth. v Muller, 270 NY 333, 340 [1936] [noting that "[t]he fundamental purpose of government is to protect the health, safety, and general welfare of the public"]). The allegations in the complaint are derived from emails sent by defendants from a Town of Tusten computer. The complaint does not include any allegation based on defendants' individual capacities or any totally unwarranted conduct (see Hull v Town of Prattsville, 145 AD3d at 1389); the reports were made discreetly to regional DEC employees, not broadcast in public statements or press releases (compare Clark v McGee, 49 NY2d at 615-616 [no absolute privilege for statement made by town supervisor in interview on local radio station]). Thus, absolute immunity applies. Because the statements are covered by absolute immunity, and all the causes of action against defendants are based on those statements, Supreme Court properly concluded that the complaint failed to state a cause of action against defendants [FN2]. Based on this conclusion, we need not address the parties' remaining contentions.
Egan Jr., J.P., Clark, Devine and Aarons, JJ., concur.
ORDERED that the order and amended order are affirmed, with costs.



Footnotes

Footnote 1: Plaintiffs also appeal from an amended order that addressed a party not involved in this appeal. The amended order did not supersede the original order and is immaterial to the appeal (see Matter of Fifield v Whiting, 118 AD3d 1072, 1073 [2014]).

Footnote 2: As plaintiffs did not argue in Supreme Court that defendants' motion should be denied or held in abeyance while plaintiffs obtain disclosure of facts unavailable to them (see CPLR 3211 [d]), that argument is unpreserved for our review and we will not consider it in the first instance (see Congleton v United Health Servs. Hosps., 67 AD3d 1148, 1149-1150 [2009]).